IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Andrew Rieb, | ) | C/A No.: 1:11-425-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Robert M. Stevenson, III; Lt. Edward Hambrick; Capt. Percy Jones, and Broad River Corr Inst Property Control, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Broad River Correctional Institution ("BRCI"). He brings this action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual Background

Plaintiff alleges that defendants have violated his right to access to court by confiscating all of his legal papers and refusing to give them back. Compl. [Entry #1]. He alleges that defendants' refusal to give him the papers has prejudiced him in prosecuting a habeas corpus case in this court, C/A No. 1:09-2642-RMG ("Plaintiff's habeas action"), and is continuing to prejudice him in civil actions he has initiated in other courts. *Id*.

Plaintiff names three employees of BRCI as defendants, as well as "Broad River Corr Inst Property Control." *Id.*

Plaintiff's Complaint seeks injunctive relief with regard to Plaintiff's habeas action, which was pending when the Complaint was filed but has since closed. However, Plaintiff's Answers [Entry #20] to the court's Special Interrogatories (also filed before the close of the habeas case) indicate that the alleged problems with his legal papers were not completely cured by the presiding judge's orders in the habeas corpus case and are prejudicing Plaintiff in his other court matters. In the Answers to the Special Interrogatories, Plaintiff asks for a preliminary injunction and seeks to have Defendant Stevenson held in civil contempt for his alleged failure to fully comply with court orders and his failure to order the return of all of Plaintiff's legal papers.

II. Discussion

    A. Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Because it is well settled that only "persons" may

act under color of state law, a defendant in a § 1983 action must qualify as a "person." This case is subject to partial summary dismissal as to Broad River Corr Inst Property Control because this defendant does not appear to be a "person" under § 1983. *See Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053 (D.S.C. Jan. 19, 2011) (holding that Anderson City Jail is a building and is not subject to suit); *Jones v. Lexington County Detention Center*, 586 F.Supp.2d 444, 451 (D.S.C. 2008) (finding that Lexington County Detention Center is a physical institution that is not subject to liability under § 1983).

III.    Conclusion

Accordingly, it is recommended that the district judge partially dismiss the Complaint in this case without prejudice and without issuance of process for defendant Broad River Corr Inst Property Control.

IT IS SO RECOMMENDED.

*[signature]*

September 7, 2011                                        Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**