IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Eric Andrew Rieb, | ) | Civil Action No.: 1:11-cv-425-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Robert M. Stevenson, III, Lt. | ) | |
| Edward Hambrick, Capt. Percy Jones, and | ) | |
| Broad River Corr Inst Property Control, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Eric Andrew Rieb, currently an inmate at Broad River Correctional Institution, brings this action *pro se* and *in forma pauperis*. In his complaint, Plaintiff alleges violations of his rights pursuant to 28 U.S.C. § 1983. (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) and (e) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge has issued a Report and Recommendation recommending that Plaintiff's complaint be partially dismissed without prejudice and without issuance of process for defendant Broad River Corr Inst Property Control. (Dkt. No. 32). Plaintiff has filed objections to the Report and Recommendation. (Dkt. No. 38). As explained herein, this Court has conducted a *de novo* review of the record and agrees with the conclusion of the Magistrate Judge that Defendant Broad River Corr Inst Property Control should be dismissed from this action.

**LAW/ANALYSIS**

The Magistrate Judge only makes recommendations to this Court. The recommendations

of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting under the color of state law. *See* 42 U.S.C. § 1983. Thus, a plaintiff cannot state a claim under § 1983 against a defendant that is not a "person," as that term is defined for purposes of the statute. *See Monell v. Dep't of Soc. of City of New York*, 436 U.S. 658, 690 (1978). Inanimate objects such as buildings, facilities, and grounds are not "persons" for purposes of § 1983. *See, e.g., Miller v. Tate*, No. 8:06-3245, 2007 WL 914235, at *3 (D.S.C. March 23, 2007) (dismissing claim against Sumter Lee Detention Center because it is not a "person" for purposes of § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), *overruled on other grounds by Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person

amenable to suit.").[1]

Here, Plaintiff named several individuals as defendants, but Plaintiff also named "Broad River Corr Inst Property Control" as a defendant. The Court finds that Broad River Corr Inst Property Control is not a "person" amenable to suit under § 1983. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this Court must dismiss Plaintiff's Complaint to the extent it attempts to allege causes of action against Defendant Broad River Corr Inst Property Control, because Plaintiff has failed to state a claim on which relief may be granted against this Defendant.

In his objections to the Report and Recommendation, Plaintiff states: "The plaintiff reluctantly capitulates to Magistrate Judge Hodge's [sic] assertion that Broad River Corr Ins Property Control is not a 'person' to qualify as a defendant pursuant to 42 USC § 1983." (Dkt. No. 38 at 2). Plaintiff then discusses several issues unrelated to the question of whether Broad River Corr Ins Property Control is a amenable to suit under § 1983. (*Id.* at 2-6). Because this Court is only ruling on the Magistrate Judge's recommendation that Plaintiff's suit be dismissed as to Defendant Broad River Corr Ins Property Control, Plaintiff's other arguments are not ripe for consideration by this Court.

## CONCLUSION

The Court, after reviewing the Report and Recommendation of the Magistrate Judge and the relevant case law, finds that Plaintiff has failed to state a claim on which relief may be granted against Defendant Broad River Corr Inst Property Control. Accordingly, Plaintiff's Complaint is hereby dismissed without prejudice, and without issuance of process, to the extent

---

[1] Although inanimate objects generally are not considered "persons" under § 1983, the Supreme Court has held that local governing bodies may be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. The Broad River Corr Inst Property Control does not fall under this exception.

it attempts to allege causes of action against Defendant Broad River Corr Inst Property Control.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

September 30, 2011
Charleston, South Carolina