IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Eric Andrew Rieb, | ) | C/A No.: 1:11-425-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND REPORT AND RECOMMENDATION |
| Warden Robert M. Stevenson, III; Lt. Edward Hambrick; Capt. Percy Jones, | ) | |
| Defendants. | ) | |

Plaintiff Eric Andrew Rieb ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action in February 20111 pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Broad River Correctional Institution ("BRCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Before the court are the following motions: (1) Plaintiff's motion to produce [Entry #84]; (2) Plaintiff's motion for return of property [Entry #85]; (3) Plaintiff's motion for order to hold Plaintiff's legal materials [Entry #87]; (4) Plaintiff's motion for sanctions [Entry #88]; (5) Plaintiff's motion for order to seize property [Entry #102]; (6) Plaintiff's motion for a preliminary injunction [Entry #103]; (7) Plaintiff's motion to dismiss [Entry #104]; and (8) Defendants' motion for summary judgment [Entry #112]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because all of the motions, save for the motion to produce, are arguably dispositive, this Report and Recommendation is entered for review by the district judge.

I. Factual and Procedural Background

A review of Plaintiff's prior litigation[1] is necessary to provide the background for the instant § 1983 action. On October 9, 2009, Plaintiff filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2002 criminal convictions. *Rieb v. Stevenson*, C/A No. 1:09-cv-02642-RMG ("Habeas Action") [Entry #1]. On August 4, 2010, the undersigned issued a Report and Recommendation ("R&R") recommending that the respondent's motion for summary judgment in the Habeas Action be granted, and his petition be dismissed. [Habeas Action, Entry #31]. The parties were given a deadline of August 23, 2010 to file objections to the R&R. *Id*. Plaintiff moved for and was granted an extension until September 23, 2010 to file objections. [*Id.* at Entry #34, Entry #38]. On September 29, 2010, The Honorable Richard M. Gergel, United States District Judge, issued an order granting Respondent's motion for summary judgment after Plaintiff failed to file any objections to the R&R and denying a certificate of appealability. [*Id.* at Entry #42].

On October 4, 2010, Plaintiff filed a motion to stay in the Habeas Action arguing that his legal materials had been confiscated by the SCDC because they were found in the possession of another inmate. [*Id.* at Entry #45]. He further claimed that additional legal materials in his possession were later confiscated when SCDC officers discovered another inmate's legal materials in Plaintiff's possession. *Id.* On October 26, 2010,

---

[1] This court may take judicial notice of its records. *See, e.g. Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is notice of the content of the court's own records).

2

Plaintiff filed a motion for reconsideration of the court's order granting Respondent summary judgment. [*Id.* at Entry #47]. On November 9, 2010, Judge Gergel ordered Respondent to respond to Plaintiff's allegations regarding his legal materials. [*Id.* at Entry #48]. In his response, Respondent stated that Plaintiff's legal materials had been confiscated by SCDC because of Plaintiff's violations of SCDC policy, such as his possession of another inmate's legal materials on two occasions. [*Id.* at Entry #50]. Respondent further informed the court that the Plaintiff's legal box was being examined at that time. *Id.*

On November 22, 2010, the court ordered Respondent to provide the court with an inventory of all legal materials confiscated from Plaintiff. [*Id.* at Entry #52]. Respondent filed the inventory on January 4, 2011. [*Id.* at Entry #61]. On January 6, 2011, the court ordered Warden Stevenson to "allow Petitioner access to his own legal materials, in accordance with the policies and procedures set by the South Carolina Department of Corrections" and granted Plaintiff an extension of time in which to file his objections to the R&R. [*Id.* at Entry #63]. Responding to a letter to the court from Plaintiff, Respondent filed a reply on February 18, 2011, assuring the court that Plaintiff had received his legal materials in compliance with the court's January 6, 2011 order. [*Id.* at Entry #71].

Plaintiff filed a number of documents between March 3, 2011 and March 28, 2011 that the court construed to contain objections to the R&R. [*Id.* at Entry #76, #79, #81]. Additionally, Plaintiff filed a motion for an evidentiary hearing on March 28, 2011. [*Id.* at Entry #82]. On April 25, 2011, Judge Gergel issued an order specifically noting that he

had considered all of the materials Plaintiff submitted, but nevertheless denying Plaintiff's motion for reconsideration, motion to stay, and motion for an evidentiary hearing. [*Id.* at Entry #84]. Additionally, Judge Gergel again denied any request by Plaintiff for a certificate of appealability. *Id.*

Plaintiff filed a Notice of Appeal with the Fourth Circuit Court of Appeals on June 27, 2011. [*Id.* at Entry #91]. On November 16, 2011, the Fourth Circuit issued its unpublished per curiam opinion dismissing Plaintiff's appeal "for lack of jurisdiction because the notice of appeal was not timely filed." [*Id.* at Entry #108]. After the dismissal of his appeal, Plaintiff filed a "Motion of Intent to Move for Relief from Judgment" with the District Court on March 20, 2012. [*Id.* at Entry #110]. In this motion, which was purported to be filed pursuant to Fed. R. Civ. P. 60(b), Plaintiff claimed that the District Court's order was "clearly erroneous because it was based on an error of law," and he sought a "reopening" of the "appeal period under Rule 4(a)(6), FRAP." *Id.* Judge Gergel dismissed Plaintiff's Motion on April 24, 2012 for lack of jurisdiction. [*Id.* at Entry #113].

The complaint in the instant case arises out of the alleged confiscation of his legal materials by the SCDC in the fall of 2010, which was also the basis for his October 4, 2010 motion for a stay and his subsequent filings in the Habeas Action. In his complaint, Plaintiff alleges that Defendants denied him access to courts in violation of his constitutional rights. [Entry #1]. According to Defendants, some of Plaintiff's materials were confiscated in September 2010 because he was in possession of other inmates' legal materials. [Entry #112-2 at ¶¶ 3–4]. Because SCDC policy prohibits an inmate from

4

possessing another inmate's property, Defendants considered these materials to be contraband. *Id.* SCDC policy provides that an inmate in general population is permitted to have one box of legal materials in his cell. *Id.* at ¶ 5. Defendants contend that Plaintiff possessed legal materials in excess of this limit. *Id.* On or around February 18, 2011, one box of legal materials was returned to Plaintiff pursuant to SCDC policy. [Entry #112-2 at ¶ 7; #112-9 at ¶ 5]. The remaining materials were not destroyed; rather, they were stored by the SCDC so Plaintiff could either review these materials upon reasonable request, or trade the materials in storage with those materials Plaintiff had in his cell. *Id.*

Plaintiff now seeks a preliminary injunction against Defendants, requesting that the District Court "take custody" of him pursuant to F.R.A.P. 23 "because of the combination of inherent Constitutional violations presented by this 42 U.S.C. §1983, the reasoning to be granted the preliminary injunction, and the Federal Writ of habeas corpus of 28 U.S.C. §2254." [Entry #1 at 8–9]. Plaintiff further claims he is "entitled to the vacating of summary judgment awarded to the State on September 29, 2010." *Id.*

Defendants filed their motion for summary judgment on June 22, 2012. [Entry #112]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #113]. Although Plaintiff's response was originally due on July 30, 2012, the undersigned granted him extensions until September 13, 2012. [Entry #118, #126]. On September 28, 2012, Judge Gergel further extended Plaintiff's responsive deadline to October 10, 2012, noting "NO FURTHER EXTENSIONS WILL BE GRANTED." [Entry #137]. Plaintiff has failed to

file a response. Having carefully considered all of the parties' submissions and the record in this case, the court recommends granting Defendants' motion for summary judgment and denying the remaining motions.

II. Discussion

    A.    Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are

6

irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

1. Defendants' Motion for Summary Judgment

Defendants' motion lists several grounds for summary judgment, including Eleventh Amendment immunity, res judicata, and failure to exhaust administrative remedies. However, because Plaintiff's underlying claim cannot survive summary judgment, the undersigned has not addressed each additional argument.

Plaintiff has stated a claim for denial of access to the courts. It is well-established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). In *Bounds,* the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. To state a cognizable claim for denial of meaningful access to the courts, a prisoner must allege a specific actual injury resulting from the alleged denial. *Lewis v. Casey,* 518 U.S. 343, 351–52 (1996); *Cochran v. Morris,* 73 F.3d 1310 (4th Cir. 1996). "Insofar as the right vindicated by *Bounds* is concerned, 'meaningful access to the courts is the touchstone,'… and the

inmate therefore must go one step further and demonstrate that" his efforts to pursue a legal claim were somehow thwarted by the alleged denial of access to the courts. *Lewis,* 518 U.S. at 351. The Court further explained that

> the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the *Bounds* line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In *Wolf v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions"-*i.e.,* actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

*Lewis,* 518 U.S. at 354 (internal citations omitted); *see also Christopher v. Harbury,* 536 U.S. 403, 414–15 (2002) (stating that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong").

In the instant case, Plaintiff has not alleged, let alone established, any injury as a result of his alleged denial of access to the courts. Plaintiff acknowledged in his responses to the undersigned's Special Interrogatories that he had not had missed any deadline or had a ruling issued against him in any of his pending cases. [Entry #20]. Although Plaintiff initially missed the deadline for objections in his Habeas Action, the court permitted him an additional extension to respond to the R&R once his materials were returned to him by the SCDC. Additionally, Plaintiff filed several other documents containing objections to the R&R, and Judge Gergel's order indicates that he considered them all in granting Respondent's motion for summary judgment. [Habeas Action, Entry #84 at 12].

In this case, Plaintiff's Complaint fails to allege any specific facts indicating that he has been denied access to the courts or that he has been adversely affected in pursuing his legal claims due to the alleged denial of legal materials. Furthermore, the record in this case, as well as the record in Plaintiff's Habeas Action, demonstrates that Plaintiff has the ability to draft, serve, and file a variety of legal documents supported by case law references. Because he cannot show any relevant actual injury arising out of an alleged denial of access to the courts, the undersigned recommends Defendants' motion for summary judgment [Entry #112] be granted.

    B.    Remaining Motions

        1.    Plaintiff's Motion to Produce

Plaintiff filed his motion to produce [Entry #84] on April 24, 2012, although discovery had ended on April 9, 2012. Additionally, discovery is to be served on the opposing party pursuant to Fed. R. Civ. P. 34 and not filed with the court. The copy of the motion received by the Clerk's office and filed on the docket contains only one page (excluding attachments). However, Defendants attached the full motion that they received to their response. [Entry #90-1]. The majority of the materials sought relate to evidence from Plaintiff's criminal conviction in state court, such as the murder weapon and pictures of the crime scene. Even if Plaintiff had timely served a proper request for production of documents, such materials would not be relevant to the instant § 1983 action regarding lack of access to the courts. The remaining items Plaintiff sought are his full set of legal documents, which he contends are contained in two full "U.S. Army duffel bags." [Entry #90-1]. The court takes judicial notice that SCDC policy only allows

inmates to possess in their cell legal materials that fit in a 15" x 12" x 10" box. [Habeas Action, Entry #71]. Therefore, Plaintiff is not entitled to possess two full duffel bags of legal materials at one time. Therefore, Plaintiff's motion to produce [Entry #84] is denied.

      2.      Plaintiff's Motion for Sanctions

In his motion for sanctions [Entry #88], Plaintiff requests Defendants be sanctioned for an alleged failure to comply with Judge Gergel's order in his Habeas Action. Specifically, Plaintiff alleges that Defendants violated Judge Gergel's order allowing him access to his legal materials in accordance with SCDC policy. As an initial matter, the undersigned notes that Plaintiff's motion is based on an order from another case and may not be properly addressed in the instant action. However, even if the motion has been properly brought, Plaintiff has failed to establish that Defendants did not provide him access to his legal materials in accordance with SCDC policies and procedures. Specifically, Plaintiff admits that Defendants provided him access to two boxes of his legal materials in response to Judge Gergel's order. [Entry #88 at 2]. As the court previously noted, SCDC policies and procedures allow inmates access to one box of legal materials. Therefore, Plaintiff was actually allowed greater access than SCDC policy typically allows. For these reasons, the undersigned recommends Plaintiff's motion for sanctions [Entry #88] be denied.

      3.      Plaintiff's Motion to Dismiss

In his motion to dismiss [Entry #104], Plaintiff seeks to voluntarily dismiss this case "only if there is no possibility of rectifying the plaintiff's negligence in submitting

his motion for producing documents late . . . ." [Entry #104] (emphasis in original). Plaintiff requests the court allow him to refile the case within thirty days, transfer the filings from the instant case to the new action, and "allow the addition of new causes of action and/or defendants." *Id*. An action may be dismissed by court order pursuant to Fed. R. Civ. P. 41(a)(2) on terms that the court considers proper. Here, Plaintiff admits that he seeks a dismissal so that he can refile the action and limits his motion to these terms. Given that Plaintiff essentially seeks to dismiss the case to allow him to avoid the scheduling order deadlines, the undersigned recommends Plaintiff's motion to dismiss [Entry #104] be denied because it is not on terms that the court considers proper.

    4.  Plaintiff's Motions for Injunctive Relief

  Plaintiff has moved for injunctive relief in the following motions: (1) motion for return of property [Entry #85] (requesting all of his legal property be returned to his immediate possession); (2) motion for order to hold Plaintiff's legal materials [Entry #87] (requesting a court order forbidding Defendants from destroying his property); (3) motion for order to seize property [Entry #102] (requesting the court order the United States Marshal Service seize his legal property); and (4) motion for a preliminary injunction [Entry #103] (requesting a court order forbidding destruction of his legal documents or "further infringement of the plaintiff's due process rights"). Although the relief sought in each motion differs slightly, they all request the court to order Defendants to take some action related to his legal materials.

  A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable

harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 550 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[2] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 550 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 550 U.S. at 20–22; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[3] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*).

Here, Plaintiff has not shown that he is likely to succeed on the merits. The undersigned recommended above that Defendants be granted summary judgment on Plaintiff's claim for lack of access to the courts. Additionally, to the extent that Plaintiff

---

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[3] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder's* sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 21–22.

seeks to have immediate access to two duffel bags full of legal materials at all times, he has provided no reason why he should be granted an exception to SCDC's policy which allows him to access the amount he can fit in one box in his cell. He may exchange some of the materials within the box for materials in storage upon reasonable request and has provided no indication that he has attempted to do so and has been denied such a request. In fact, Defendants have indicated, and Plaintiff has not disputed, that Plaintiff has not taken the opportunity to exchange legal materials when given the opportunity. [Entry #97]. Although Plaintiff has repeatedly generally claimed that he does not have access to his legal materials, he has not claimed that he has not had access to at least one box of legal materials. Therefore, Plaintiff has not shown he is likely to succeed on the merits. Plaintiff has also not shown that he will suffer irreparable harm. Although Plaintiff has alleged that he does not have access to his legal materials throughout this litigation, Plaintiff has demonstrated that he has capacity to file motions supported with case law references. Although Plaintiff fears his legal materials may be destroyed, he has not submitted evidence of destruction and Defendants have denied his materials have been or will be destroyed. Therefore, there is no indication Plaintiff will suffer irreparable harm.

Nor can Plaintiff show that the balance of equities tips in his favor. The SCDC has created a policy with regard to legal materials that seeks to balance the need for security with an inmate's right to access to the court. Plaintiff has provided no reason why he needs greater access than other inmates. Finally, there is no evidence showing that an injunction in this case would be in the public interest. Therefore, it is recommended that the following motions seeking injunctive relief be denied: (1) motion

for return of property [Entry #85]; (2) motion for order to hold Plaintiff's legal materials [Entry #87]; (3) motion for order to seize property [Entry #102]; and (4) motion for a preliminary injunction [Entry #103].

III.     Conclusion

For the foregoing reasons, the undersigned denies Plaintiff's motion to produce [Entry #84]. Additionally, the undersigned recommends the following motions be denied: (1) Plaintiff's motion for return of property [Entry #85]; (2) Plaintiff's motion for order to hold Plaintiff's legal materials [Entry #87]; (3) Plaintiff's motion for sanctions [Entry #88]; (4) Plaintiff's motion for order to seize property [Entry #102]; (5) Plaintiff's motion for a preliminary injunction [Entry #103]; (6) Plaintiff's motion to dismiss [Entry #104]. Finally, it is recommended that Defendants' motion for summary judgment [Entry #112] be granted and this case be dismissed with prejudice.

IT IS SO RECOMMENDED.

October 19, 2012                                   Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).