IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eric Andrew Rieb, Plaintiff, v. Warden Robert M. Stevenson, III, Lt. Edward Hambrick, Capt. Percy Jones, Defendants. | No.: 1:11-cv-425-RMG  ORDER |

On February 2, 2011, Eric Andrew Rieb ("Plaintiff"), an inmate of Broad River Correctional Institution ("BRCI"), filed a *pro se* petition pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Dkt. No. 1). The case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. The following motions are before this Court: (1) Plaintiff's motion for return of property, (Dkt. No. 85); (2) Plaintiff's motion for order to hold Plaintiff's legal materials, (Dkt. No. 87); (3) Plaintiff's motion for sanctions, (Dkt. No. 88); (4) Plaintiff's motion for order to seize property, (Dkt. No. 102); (5) Plaintiff's motion for a preliminary injunction, (Dkt. No. 103); (6) Plaintiff's motion to dismiss, (Dkt. No. 104); and (7) Defendants' motion for summary judgment, (Dkt. No. 112). On October 19, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's motions be denied, Defendants' motion for summary judgment be granted and the case dismissed with prejudice. (Dkt. No. 141). As explained herein, the Court adopts the Magistrate Judge's Report and Recommendation and grants Defendants' motion for summary judgment.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, this Court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that a court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, __ F.3d __, 2012 WL 5448202, at *9 (4th Cir. Nov. 8, 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

After reviewing the record of this matter and the applicable law, the Court adopts the recommendation of the Magistrate Judge. Plaintiff's complaint alleges that he has been denied

access to the courts. (Dkt. No. 1). Such a claim requires a prisoner to show a specific actual injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 351-352 (1996); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). As the Magistrate Judge correctly explained in the Report and Recommendation, (Dkt. No. 141 at 8), to succeed in demonstrating an injury stemming from an alleged denial of access to the courts, a prisoner must show that "a nonfrivolous legal claim had been frustrated or was being impeded," *Lewis*, 518 U.S. at 353.

In the present case, Plaintiff fails to show any injury as a result of his alleged denial of access to the courts. Plaintiff has acknowledged that he did not miss any deadlines or have any ruling issued against him due to any of Defendants' actions. (Dkt. No. 20). During the course of this litigation as well, the Court granted several requests by Plaintiff for extensions of time, (Dkt. Nos. 118, 126, 137), and Plaintiff has admitted Defendants provided him access to legal materials consistent with Department of Corrections policy, (Dkt. No. 88). In fact, the record in this action shows that Plaintiff has been able to draft, serve, and timely file a variety of legal documents supported by case law references. It is clear that Plaintiff has not shown, or even alleged, any injury as part of his claim of denial of access to the courts. As a result, this action cannot survive summary judgment.

Having carefully reviewed the Magistrate Judge's treatment of Plaintiff's various motions, and noting that Plaintiff offered no objection to that treatment, the Court adopts the Magistrate Judge's recommendation to deny those motions. *See Camby*, 718 F.2d at 200.

After a thorough review of the record, the Magistrate's Report and Recommendation, and the relevant case law, the Court adopts the Magistrate's Report and Recommendation and **GRANTS** Defendants' motion for summary judgment, **DENIES** Plainiff's other motions, and **DISMISSES** Plaintiff's complaint with prejudice.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 13, 2012
Charleston, South Carolina